# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| MARY CASEY, ) | |
| ) | |
| Plaintiff, ) | Case No. 08-00201-CV-W-DGK |
| ) | |
| v. ) | |
| ) | |
| COVENTRY HEALTH CARE ) | |
| OF KANSAS, INC., ) | |
| ) | |
| Defendant. ) | |

## ORDER

Pending before the Court is Defendant's Motion for summary judgment and Suggestions in Support. Docs. 75-76. The Court has reviewed this Motion in conjunction with Plaintiff's Suggestions in Opposition and Defendant's Reply. Docs. 82, 84. For the reasons discussed in Subsection A of the Discussion section, Defendant's Motion is DENIED IN PART and is otherwise moot. Also pending is Plaintiff's Motion to exclude expert testimony and Suggestions in Support. Docs. 73-74. The Court has reviewed this Motion in conjunction with Defendant's Suggestions in Opposition and Plaintiff's Reply. Docs. 77, 79. For the reasons discussed in Subsection B of the Discussion section, Plaintiff's Motion is DENIED WITHOUT PREJUDICE.

## Background

Defendant is a health management organization ("HMO") incorporated in Kansas and registered to do business in Missouri. Doc. 1 at ¶¶ 1, 5. Plaintiff received benefits through her husband's plan with Defendant and sought to represent a class constituting "[a]ll individuals who were enrolled in Defendant's HMO plans in which defendant has imposed co-payment and coinsurance charges for the same healthcare services."[1] On June 9, 2009, the Court granted

---
[1] On September 10, 2010, the Court certified this class. Doc. 86 at 11.

partial summary judgment to Plaintiff, holding that this practice violated section 400-7.100 of the Missouri Code of State Regulations.

## Standard

### A. Summary Judgment

A party is entitled to summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). The moving party bears the burden of showing that there is no genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256 (1986). Summary judgment requires the Court to consider the facts in the light most favorable to the nonmoving party, who also "must be given the benefit of all reasonable inferences." *Mirax Chem. Prods. Corp. v. First Interstate Commercial Corp.,* 950 F.2d 566, 569 (8th Cir.1991). However, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Rather, the nonmoving party must set forth specific facts showing there is a genuine issue of material fact. *Anderson,* 477 U.S. at 248. Local Rule 56.1(a) sets out the manner in which motion for summary judgment should be filed in this Court.

> "The suggestions in support of a motion for summary judgment shall begin with a concise statement of uncontroverted material facts. Each fact shall be set forth in a separately numbered paragraph. Each fact shall be supported by reference to where in the record the fact is established ... Suggestions in opposition to a motion for summary judgment shall begin with a section that contains a concise listing of material facts as to which the party contends a genuine dispute exists ... All facts set forth in the statement of the movant shall be deemed admitted for the purpose of summary judgment unless specifically controverted by the opposing party."

Local Rule 56.1(a).

B. **Expert Testimony**

Witnesses are generally not allowed to testify as to their opinions. F.R.E. 701. However, Federal Rule of Evidence 702 allows for a witness with "knowledge, skill, training or education" to give opinion testimony about an issue requiring "scientific, technical, or otherwise specialized knowledge." F.R.E. 702. The opinion must be "based upon sufficient facts or data…the product of reliable principles and methods and…the witness [must have] applied the principles and methods reliably to the facts of the case." *Id.* District courts should function as a gatekeeper to ensure that expert testimony is both reliable and relevant. *Daubert v. Merrell Dow Pharm., Inc.,* 509 U.S. 579, 597 (1993). In determining reliability, trial judges should consider whether the theory or technique has been or can be tested, whether it has been subjected to peer review, the actual or potential rate of error and the presence or absence of standards regarding the theory or technique. *Id.* at 593-94. *Daubert* rejected the notion that general acceptance of the theory or technique was required, but it is also a factor that courts should consider. *Id.* The "important purpose" of *Daubert* is to "screen out evidence that is unreliable and would have a tendency to confuse or mislead *the jury.*" *United States v. Bahena,* 223 F.3d 797, 809 (8th Cir. 2000) (emphasis added).

**Discussion**

A. **Defendant's Motion For Summary Judgment On Damages Necessarily Asks The Court To Change Its Interpretation Of The Regulation**

Defendant claims that it is entitled to summary judgment because Plaintiff lacks standing. Specifically, Defendant claims that Plaintiff lacks an injury-in-fact and that she lacks standing for the equitable remedies of disgorgement and injunctive relief.[2] Standing is a jurisdictional

---

[2] Defendant filed the pending Motion before the Court entered its class certification order. In that Order, the Court agreed with Defendant's position regarding Plaintiff's lack of standing to pursue injunctive relief. Doc. 86 at 6-7. Accordingly, this issue is moot.

requirement based in Article III of the United States Constitution. *See Pucket v. Hot Springs Sch. Dist. No. 23-2,* 526 F.3d 1151, 1157 (8th Cir. 2008) (noting that the "case-or-controversy requirement of Article III" requires litigants to have standing) (quoting *DaimlerChrysler Corp. v. Cuno,* 547 U.S. 332, 342 (2006)). In order to have Article III standing, the Supreme Court has held that

> "a plaintiff must show (1) it has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and 3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Friends of the Earth, Inc. v. Laidlaw Envtl. Svcs., Inc.,* 528 U.S. 167, 181-82 (2000). These elements are commonly summarized as injury-in-fact, causation and redressability. Defendant urges that the Court find that Plaintiff has suffered no monetary damages because the Plaintiff admits that she is not claiming a "50% violation" of the regulation at issue. The full text of the regulation is as follows.

> A health maintenance organization (HMO) may require copayments of its enrollees as a condition of the receipt of specific health care services. An HMO may not impose copayment charges that exceed fifty percent (50%) of the total cost of providing any single service to its enrollees, nor in the aggregate more than twenty percent (20%) of the total cost of providing all basic health services. An HMO may not impose copayment charges for basic health care services on any enrollee in any calendar year after the copayments made by the enrollee in that calendar year for basic health care services total two hundred percent (200%) of the total annual premium which is required to be paid by, or on behalf of, that enrollee and shall be stated as a dollar amount in the group contracts. Copayments shall be the only allowable charge, other than premiums, assessed to enrollees for basic and supplemental health care services. Single service copayment amounts shall be disclosed either as a percentage or as a stated dollar amount in the evidence of coverage. For group contracts the copayment amount may be changed only on the anniversary date of the group contract except by mutual agreement of the parties to the contract.

20 C.S.R. § 400-7.100. Plaintiff admits in interrogatories that she is not claiming a violation of the 50% rule of the regulation. Doc. 76-6 at 6. Rather, Plaintiff's claim is focused on the portion

of the regulation stating "Copayments shall be the only allowable charge, other than premiums, assessed to enrollees for basic and supplemental health care services," which she alleges a violation of due to being charged coinsurance and copayments for the same healthcare service. The Court has already determined that charging coinsurance and copayments for the same healthcare service violates Missouri state regulations. Doc. 25 at 10. Plaintiff cites a number of instances of this, which Defendant does not contest. For example, Plaintiff's statement of facts asserts that she paid a copayment of $250 and coinsurance of $66.90 for which she received no refund. Doc. 82 at ¶ 6. Though it contests Plaintiff's legal conclusion that this constitutes legal damages in violation of the regulation, Defendant does not contest the facts of this and other of Plaintiff's claims of instances which violated the regulation. Doc. 82 at ¶¶ 7-9. This contravenes Defendant's contention that there is no genuine issue of fact regarding Plaintiff's injury, and consequently, her standing. Defendant's claims regarding Plaintiff's standing are an attempt to relitigate the Court's interpretation of the regulation. The Court's order of June 9, 2009 speaks for itself and the Court declines to reconsider it. Defendant's Motion for summary judgment as to Plaintiff's damages is DENIED.

Though the Court finds that the issue of Plaintiff's standing to seek injunctive relief is mooted by the class certification order, Defendant also seeks summary judgment on Plaintiff's equitable claim for disgorgement. While one of Defendant's arguments in support of this part of its Motion—that Plaintiff lacks an injury—is derivative of its attempt to win summary judgment on her damages claim, Defendant also argues that this is a damages claim in disguise, not an equitable claim under 29 U.S.C. § 1132(a)(3).[3] Plaintiff characterizes her request as being for

---

[3] "A civil action may be brought…by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) *to obtain other appropriate equitable relief (i) to redress such violations* or (ii) to enforce any provisions of this subchapter or the terms of the plan…" 29 U.S.C. § 1132(a)(3) (emphasis added).

restitution, and asserts that she pled the equitable remedy as an alternative to legal damages. The Eighth Circuit has recognized the propriety of a claim for "equitable restitution" under ERISA. *See Calhoon v. Trans World Airlines, Inc.,* 400 F.3d 593, 597, 598 (8th Cir. 2005) (recognizing the remedy but holding that seeking the payment of medical bills under the theory that these were benefits that should have been paid is actually a legal remedy). Plaintiff's request differs from *Calhoon* in that she seeks the disgorgement of money that she claims was wrongfully paid to Defendant, rather than seeking compensation for what she claims should have been paid to her. Whether or not Plaintiff is precluded from seeking equitable remedies turns on whether she will be "provided adequate relief" by her other claims, which has yet to be determined. *Geissal v. Moore Medical Corp.,* 338 F.3d 926, 933 (8th Cir. 2003) (quoting *Varity Corp. v. Howe,* 516 U.S. 489, 515 (1996)). Defendant's Motion for summary judgment on Plaintiff's claim for disgorgement/restitution is DENIED.

**B. The Policy Behind *Daubert* Being Of Less Concern In A Bench Trial, The Court Will Defer Judgment On Plaintiff's *Daubert* Motion At This Time**

Plaintiff seeks to exclude the testimony and expert report of Ms. Kimberly Shores, an actuary employed by Defendant. Doc. 74-1. Mr. Shores's job is to determine what Defendant's premiums should be based on the "anticipated amount of risk and cost the Coventry will assume under a given plan." *Id.* at 1. Ms. Shores's report deals with her determinations of what Defendant's premiums would have been "given certain hypothetical assumptions about premium, co-pay and/or coinsurance." *Id.* at 4. In other words, Ms. Shores examined both plans of which Plaintiff was a member and determined the effect of eliminating either co-pays or coinsurance. Without delving into the specific calculations, Ms. Shores determined that Plaintiff's premiums would have increased if either co-pays or coinsurance were eliminated. She further determined that co-pay amounts would have increased were coinsurance eliminated, and

that coinsurance percentages would have increased were co-pays eliminated. Plaintiff objects to the admission of this evidence, claiming that it is not relevant to this case and that it fails to meet the *Daubert* reliability standards. Plaintiff asserts that Ms. Shores failed to consider all relevant factors, such as market conditions and negotiation between Defendant and its customers.

This case is currently set for a bench trial commencing on December 13, 2010. As discussed previously, the policy behind allowing district judges to serve as a gatekeeper of expert testimony under *Daubert* is the protection of juries. *See, e.g., Attorney General of Oklahoma v. Tyson Foods, Inc.,* 565 F.3d 769, 779 (10th Cir. 2009) (noting that *Daubert* applies to nonjury trials but "the usual concerns regarding unreliable expert testimony reaching a jury obviously do not arise when a district court is conducting a bench trial"). The risk of confusing or misleading a jury is not an issue, and the Court is unable to make a finding on reliability on the current record. *See United States v. RSR Corp.,* No. C00-890JLR, 2005 WL 5977799, at *1 (W.D. Wash. Oct. 4, 2005) (noting that *Daubert* applies in a bench trial but that the judge "need not make…determinations [regarding reliability] before hearing the testimony").

As to the relevance of Ms. Shore's testimony, Plaintiff argues that Defendant is trying to avoid responsibility by claiming that any illegal payments are not relevant in light of other charges that would have occurred. Defendant asserts that this is valid and relevant to its claim of set off. While Plaintiff claims that Defendant failed to plead set off as a counterclaim, the Eighth Circuit seems to have recognized it as a defense. *See Transit Cas. Co. v. Selective Ins. Co. of Se.,* 137 F.3d 540, 546 (8th Cir. 1998) ("Accordingly, Transit and Selective are mutually indebted, and Selective prevails on its affirmative defense of set-off."). Defendant pled set off in its amended answer. Doc. 49 at 11. Considering that this is a *Daubert* motion, the question of whether or not this is an valid defense currently available to Defendant is not before the Court at

7

this time.  Accordingly, the Court expresses no view on set off other than that Plaintiff has failed to carry her burden to show the irrelevance of Ms. Shore's testimony at this time.

Given that Plaintiff's motion necessarily involves weighing multiple factors to determine how much weight, if any, Ms. Shores should have given them, the Court finds that reliability would be best decided after hearing her testimony in full.  The Court also finds that Plaintiff has failed to carry her burden as to relevance.  Accordingly, Plaintiff's Motion is DENIED WITHOUT PREJUDICE.

**Conclusion**

Defendant's Motion for summary judgment on Plaintiff's damages claim ultimately asks the Court to reconsider its determination that charging copayments and coinsurance for the same healthcare service violates Missouri regulations.  The Court declines to do this.  Furthermore, Defendant's argument regarding the redundancy of Plaintiff's claim for disgorgement is premature.  The Court agrees with Defendant regarding Plaintiff's lack of standing to seek injunctive relief, but regards this issue as mooted by the class certification order.  Accordingly, Defendant's Motion for summary judgment is DENIED IN PART.  Plaintiff's *Daubert* Motion is DENIED WITHOUT PREJUDICE.

**IT IS SO ORDERED**

Date:   October 21, 2010              /s/ Greg Kays
                     GREG KAYS,
                     UNITED STATES DISTRICT JUDGE