# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| MARY CASEY, on behalf of herself and all others similarly situated,<br><br>        Plaintiff,<br>   v.<br><br>COVENTRY HEALTHCARE OF KANSAS, INC.,<br><br>        Defendant. | Case No. 08-0201-CV-W-DGK<br><br>ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, PROVISIONALLY CERTIFYING A SETTLEMENT CLASS, APPROVING PROPOSED NOTICE, AND SCHEDULING FAIRNESS HEARING |

      Upon review and consideration of the Stipulation of Settlement, and the attachments thereto, which have been filed with the Court, it is HEREBY ORDERED, ADJUDGED and DECREED as follows:

      1.    The Court has carefully reviewed the Stipulation of Settlement, records, and proceedings to date in this matter. The definitions in the Stipulation of Settlement are hereby incorporated as though fully set forth in this Order, and capitalized terms shall have the meanings attributed to them in the Stipulation of Settlement.

      2.    This Order addresses the settlement reached in the above-captioned matter pending before this Court: *Casey v. Coventry Healthcare of Kansas, Inc.*, Case No. 08-0201-CV-W-DGK (hereinafter "*Casey*" or the "Action").

      3.    The parties have agreed to settle the Action upon the terms and conditions set forth in the Stipulation of Settlement, which has been filed with the Court. The Stipulation of Settlement, including all exhibits thereto, is preliminarily approved as fair, reasonable, and adequate. Plaintiff in the Action, by and through her counsel, has investigated the facts and law relating to the matters alleged, including pretrial discovery, pretrial motion practice, legal research as to the sufficiency of the claims, and an evaluation of the risks associated with continued litigation, trial, and/or appeal. The settlement was reached as a result of extensive arm's length negotiations between counsel for Plaintiff, on the one hand, and counsel for

Coventry, on the other hand, which occurred over several months.  The settlement confers substantial benefits upon the Settlement Class, particularly in light of the relief that Plaintiff and Class Counsel believe is potentially recoverable or provable at trial, without the costs, uncertainties, delays, and other risks associated with continued litigation, trial, and/or appeal.

4. The Court conditionally certifies, for settlement purposes only, a class (the "Settlement Class") of all individuals enrolled in a Coventry Missouri HMO plan between May 30, 1998 and May 4, 2011 upon whom Coventry imposed both a co-payment and coinsurance charge for the same healthcare service.  The Settlement Class excludes (i) the Court presiding over any motion to approve this Settlement Agreement and its immediate family and staff; and (ii) those persons who timely and validly request exclusion from the Settlement Class.

5. The Court conditionally finds, for settlement purposes only and conditioned upon the entry of this Order and the Final Order and Judgment, and the occurrence of the Effective Date, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that, for purposes of settlement: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of Plaintiff are typical of the claims of the Settlement Class she seeks to represent for purposes of settlement; (d) Plaintiff has fairly and adequately represented the interests of the Settlement Class and will continue to do so, and Plaintiff has retained experienced counsel to represent her and the Settlement Class; (e) the questions of law and fact common to the Settlement Class Members predominate over any questions affecting any individual Settlement Class Member; and (f) a class action is superior to the other available methods for the fair and efficient adjudication of the controversy.  The Court also concludes that, because this Action is being settled rather than litigated, the Court need not consider manageability issues that might be presented by the trial of a class action involving the issues in this case.  *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997).  In making

these findings, the Court has exercised its discretion in conditionally certifying the Settlement Class.

6. The Court appoints the law firms of McGonagle Spencer, P.C. and The Law Offices of Ralph K. Phalen as counsel for the Class ("Class Counsel"). For purposes of these settlement approval proceedings, the Court finds that these law firms are competent and capable of exercising their responsibilities as Class Counsel. The Court designates named Plaintiff Mary Casey as the representative of the Settlement Class.

7. The Fairness Hearing shall be held before this Court 120 days following entry of the Preliminary Approval Order, **September 1 2011,** at 9:00 a.m., to determine whether the Stipulation of Settlement is fair, reasonable, and adequate and should receive final approval. The Court will rule on Class Counsel's application for an award of attorneys' fees, costs, and expenses (the "Fee Application") at or after that time. Papers in support of final approval of the Stipulation of Settlement and the Fee Application shall be filed with the Court according to the schedule set forth below. The Fairness Hearing may be postponed, adjourned, or continued by order of the Court without further notice to the Settlement Class. After the Fairness Hearing, the Court may enter a Final Order and Judgment in accordance with the Stipulation of Settlement that will adjudicate the rights of the Settlement Class Members (as defined in the Stipulation of Settlement) with respect to the claims being settled.

8. Pending the Fairness Hearing, all proceedings in the Action, other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation of Settlement and this Order, are stayed.

9. The Court approves, as to form and content, the Notice Plan set forth in the Stipulation of Settlement. Notice will be sent on or before 30 days after the entry of this Order. Coventry will coordinate with the Settlement Administrator and Coventry or the Settlement Administrator, as appropriate, and will provide notice to the Settlement Class as follows:

a. Coventry and/or the Settlement Administrator will provide Publication Notice to Settlement Class Members by publication in the Kansas City Star Newspaper, such notice to be approximately 1/8 of a page and substantially in the form attached as Exhibit "F" to the Stipulation of Settlement, published once a week for three consecutive weeks. The Publication Notice will direct Settlement Class Members to the dedicated toll-free number and the settlement website;

b. Coventry and/or the Settlement Administrator will send a Postcard Notice to the last known address of each Settlement Class Member, substantially in the form attached as Exhibit "E" to the Stipulation of Settlement. The Postcard Notice will direct Settlement Class Members to the dedicated toll-free number and the settlement website; and

c. The settlement website will be designed and administered by the Settlement Administrator, and will contain the settlement documents, including, but not limited to, a Long Form Notice of Class Action Settlement ("Long Form Notice") substantially in the form attached as Exhibit "B" to the Stipulation of Settlement, the Claim Form substantially in the form of Exhibit "D" to the Stipulation of Settlement, as well as a list of important dates, and any other information to which the parties may agree.

10. The Court finds that the Notice Plan is reasonable, that it constitutes due, adequate, and sufficient notice to all persons entitled to receive notice, and that it meets the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure. Specifically, the Court finds that the manner of dissemination of the Notice Plan described in Paragraph 9 complies with Rule 23(e) of the Federal Rules of Civil Procedure as it is a reasonable manner of providing notice to those Settlement Class Members who would be bound by the Settlement. The Court also finds that the manner of dissemination of the

Notice Plan described in Paragraph 9 complies with Rule 23(c)(2), as it is also the best practicable notice under the circumstances, provides individual notice to all Settlement Class Members who can be identified through a reasonable effort, and is reasonably calculated, under all the circumstances, to apprise the members of the Settlement Class of the pendency of this Action, the terms of the Settlement, and their right to object to the Settlement or exclude themselves from the Settlement Class. The parties may make minor changes to the proposed notice, by agreement, without further approval of the Court.

11. Settlement Class Members will have 90 days following the entry of this Order to submit a Claim Form such that the Claim Forms must be received by the Settlement Administrator, or postmarked if sent by mail, on or before that date, which is due, adequate, and sufficient time.

12. Each Settlement Class member who wishes to be excluded from the Settlement Class and follows the procedures set forth in this Paragraph shall be excluded. Putative members of the Settlement Class who wish to opt out of the Settlement must send a letter in the form specified in the Stipulation of Settlement and Long Form Notice to the Settlement Administrator at the address set forth below, by mail and postmarked no later than 90 days following the entry of this Order, or by fax or e-mail to the Settlement Administrator by that same date. All persons who properly elect to opt out of the Settlement shall not be Settlement Class Members and shall relinquish their rights to benefits with respect to the Stipulation of Settlement, should it be approved.

13. Any member of the Settlement Class who has not timely submitted a written request for exclusion from the Settlement Class, and thus is a Settlement Class Member, may object to the proposed Settlement contained in the Stipulation of Settlement, the certification of the Settlement Class, the entry of the Final Order and Judgment, the amount of fees requested by Class Counsel, and/or the amount of the incentive award requested by the named Plaintiff. Any objection must set forth the full name, current address, and telephone number of the objecting Settlement Class Member. Any Settlement Class Member who

intends to object to the Stipulation of Settlement must, no later than 90 days following the entry of this Order (1) file a copy of the objection with the Court at the address listed below (meaning that the objection must be filed with and received by the Court on or before this date), and (2) serve the objection by fax, e-mail or U.S. Mail to the Settlement Administrator with a copy, by U.S. Mail or e-mail, to Class Counsel and Defense Counsel at the addresses listed below (objections served on the Settlement Administrator, Class Counsel and Defense Counsel by U.S. Mail must be postmarked by this date). No Settlement Class Member shall be entitled to be heard at the Fairness Hearing (whether individually or through separate counsel) or to object to the settlement, and no written objections, briefs or materials submitted by an objecting Settlement Class Member shall be received or considered by the Court at the Fairness Hearing, unless written notice of the objecting class member's intention to appear at the Fairness Hearing and copies of any written objections, briefs and/or materials upon which the Settlement Class Member intends to rely shall have been filed with the Court and served on the Settlement Administrator, Class Counsel and Defense Counsel by the time required and in the manner specified above. Settlement Class Members who fail to file and serve timely written objections in the manner specified above shall be deemed to have waived all objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the settlement. Objections must be delivered to the following addresses in the manner specified above:

<u>Settlement Administrator</u>

Casey Coventry Settlement Administrator
P.O. Box 2061
Faribault, MN 55021-2061
(888) 689-9308
E-mail: info@CoventryMissouriSettlement.com
Facsimile: (507) 384-0024


<u>Counsel for the Class</u>

Gerald McGonagle
David J. Spencer

McGonagle Spencer, P.C.
1533 Locust Street
Kansas City, MO 64106
E-mail: gmcgonagle@mcgonaglespencer.com
          dave@mcgonaglespencer.com

Counsel for Coventry

Jeffrey Simon
Michael Hargens
Husch Blackwell LLP
4801 Main St, Suite 1000
Kansas City, MO 64112
E-mail: jeff.simon@huschblackwell.com
          michael.hargens@huschblackwell.com

Clerk of Court

U.S. District Court
Western District of Missouri
Charles Evans Whittaker Courthouse
400 East 9th Street
1st Floor, Rm 1510
Kansas City, Missouri 64106

14. Class Counsel shall file their fee application no later than 60 days after the entry of this Order.

15. Papers in support of final approval of the Stipulation of Settlement, and in response to objections to the Stipulation of Settlement shall be filed with the Court fourteen (14) days prior to the Fairness Hearing date.

16. In summary, the dates of performance are as follows:

(a) The Publication Notice required per the Stipulation of Settlement shall be published by **June 3, 2011;**

(b) The Postcard Notice required to be sent by mail to the Settlement Class per the Stipulation of Settlement shall be sent by **June 3, 2011**;

(c) The settlement website required to be created per the Stipulation of Settlement shall be active by **June 3, 2011**;

(d) Members of the Settlement Class who desire to be excluded shall mail requests for exclusion postmarked no later than **August 2, 2011,** or e-mail or fax a request for exclusion on or before the same date;

(e) All objections to the Stipulation of Settlement and written notices of the objecting class member's intention to appear at the Fairness Hearing shall be filed and served by **August 2, 2011,**;

(f) Class Counsel shall file their fee application on or before **July 5, 2011.**

(g) Papers in support of final approval of the Stipulation of Settlement, and in response to objections to the Stipulation of Settlement shall be filed with the Court on or before **August 18, 2011**; and

(h) The Fairness Hearing shall be held on **September 1, 2011**, at 9:00 a.m., via telephone conference initiated by class counsel.

17. These dates of performance may be extended by order of the Court, for good cause shown, without further notice to the Settlement Class. Settlement Class Members must check the settlement website at www.CoventryMissouriSettlement.com regularly for updates and further details regarding extensions of these dates of performance.

18. In the event the Stipulation of Settlement is not approved by the Court, or for any reason the parties fail to obtain a Final Order and Judgment as contemplated in the Stipulation of Settlement, or the Stipulation of Settlement is terminated pursuant to its terms for any reason or the Effective Date does not occur for any reason, then the following shall apply:

(a) All orders and findings entered in connection with the Stipulation of Settlement shall become null and void and have no force and effect whatsoever, shall not be used or referred to for any purposes whatsoever, and shall not be admissible or discoverable in this or any other proceeding;

(b) The conditional certification of the Settlement Class pursuant to this Order shall be vacated automatically, and the Actions shall proceed as though the Settlement

Class had never been certified pursuant to this Stipulation of Settlement and such findings had never been made;

(c) Nothing contained in this Order is, or may be construed as, a presumption, concession or admission by or against Coventry or Plaintiff of any default, liability or wrongdoing as to any facts or claims alleged or asserted in the Action, or in any actions or proceedings, whether civil, criminal or administrative, including, but not limited to, factual or legal matters relating to any effort to try the Action as a class action;

(d) Nothing in this Order or pertaining to the Stipulation of Settlement, including any of the documents or statements generated or received pursuant to the claims administration process, shall be used as evidence in any further proceeding in this case, including, but not limited to, motions or proceedings regarding any effort to try the Action as a class action; and

(e) All of the Court's prior Orders having nothing whatsoever to do with certification of the Settlement Class shall, subject to this Order, remain in force and effect.

19. Pending final determination of whether the proposed settlement should be approved, no Settlement Class Member directly, derivatively, in a representative capacity, or in any other capacity, shall commence or continue any action against any of the Released Parties (as that term is defined in the Stipulation of Settlement) in any court or tribunal asserting any of the Released Claims (as that term is defined in the Stipulation of Settlement).

20. Dahl, Inc. is hereby appointed as Settlement Administrator for this Settlement and shall perform all of the duties of the Settlement Administrator set forth in the Stipulation of Settlement.

21. Class Counsel and Defense Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the settlement that are not materially inconsistent with this Order or the Stipulation of Settlement, including making, without further approval of the Court, minor changes to the Stipulation of Settlement, to the form or content of the Publication Notice, Postcard Notice, Long Form

Notice, or the Claim Form, or to any other exhibit to the Stipulation of Settlement that the parties jointly agree are reasonable or necessary.

                        IT IS SO ORDERED, this 4th day of May, 2011

                        /s/ Greg Kays
                        GREG KAYS
                        UNITED STATES DISTRICT COURT JUDGE