IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| MARY CASEY, on behalf of herself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 08-00201-CV-W-DGK |
| v. | ) ) | |
| COVENTRY HEALTHCARE OF KANSAS, INC., | ) ) ) | |
| Defendant. | ) | |

## ORDER DENYING APPROVAL OF CLASS SETTLEMENT

Before the Court is Plaintiff's unopposed Motion and Memorandum Requesting Final Approval of the Class Action Settlement, Incentive Award to the Class Representative, and Award of Attorney's Fees, Costs and Expenses to Class Counsel (the "Settlement Agreement") (Doc. 134). In the motion, Plaintiff individually and on behalf of a settlement class seeks the Court's approval of the parties' proposed settlement. Having carefully considered the parties arguments, including the supplemental memorandum filed by the parties (Doc. 138) and the parties' comments made in the September 22, 2011 Fairness Hearing, the motion is DENIED.

Rule 23(e) mandates judicial review of any "settlement, voluntary dismissal, or compromise" of the "claims, issues, or defenses of a certified class." Fed. R. Civ. P. 23(e). The court is responsible for determining that the settlement terms are fair, adequate, and reasonable and must act as a fiduciary, "serving as a guardian of the rights of absent class members." In re *Wireless Telephone Federal Cost Recovery Fees Litig.*, 396 F.3d 922, 932 (8th Cir. 2005). In determining whether a settlement is fair, adequate, and reasonable, a district court is required to consider four factors: (1) the merits of the plaintiff's case, weighed against the terms of the

settlement; (2) the defendant's financial condition; (3) the complexity and expense of further litigation; and (4) the amount of opposition to the settlement.  *Id*.  "The most important consideration in deciding whether a settlement is fair, reasonable, and adequate is 'the strength of the case for plaintiffs on the merits, balanced against the amount offered in settlement.'"  *Id*. at 933 (quoting *Petrovic v. Amoco Oil Co*., 200 F.3d 1140, 1150 (8th Cir. 1999)).  Ultimately, the court must examine whether the interests of the class are better served by settlement than by further litigation.  *In re Wireless*, 396 F.3d at 932.

The Court appreciates the parties' good-faith efforts to reach a settlement in this case and finds a significant portion of the Settlement Agreement to be fair, adequate, and reasonable.  In particular, the Court has no objection to the award of attorney's fees, the incentive award to the class representative, or a settlement agreement that limits Defendant's liability to $1.4 million.  Furthermore, this is not a case of a collusive settlement or a "reverse auction," *see Reynolds v. Beneficial National Bank*, 288 F.3d 277, 282-83, (7th Cir. 2002), and nothing in this Order should be read as a criticism of any of the attorneys in this case.

The Court's concern with the Settlement Agreement is that it provides only a small percentage of the Class with any recovery, and most of the settlement funds revert to the Defendant.  The Settlement Agreement provides, in relevant part, that "Coventry covenants and promises to pay up to $1.4 million dollars to eligible Settlement Class Members . . . in accordance with the terms of the Settlement Agreement" (Doc. 134).  The cash actually received by the Class, however, is significantly less.  As the parties noted in their "Additional Information for the Court's Consideration" (Doc. 138) and in the Fairness Hearing, under the proposed Settlement Agreement as implemented, only 6% of class members recover any money, a total of $346,396, while the other 94% of class members receive no monetary award and more than $1

million reverts to Defendant. Given the relative strength of the Plaintiff's case as evidenced in the partial summary judgment order, and the possibility of a large recovery for the class if Plaintiff prevails at trial, the Court finds the settlement is not fair to the Class as a whole.

The Court is concerned that providing reimbursement to only 6% of class members is inadequate, particularly where other methods exist for ensuring that a larger portion of the settlement proceeds are actually paid to class members. While the Court understands Coventry's interest in limiting its liability, a settlement whereby 94% of class members receive no monetary compensation while three-fourths of the fund set aside for class members reverts back to Defendants is not fair, adequate, and reasonable.

Accordingly, the Motion for Final Approval of the Class Action Settlement, Incentive Award to the Class Representative, and an Award of Attorney's Fees, Costs and Expenses to Class Counsel is DENIED. The Court encourages the parties to confer on an alternate settlement agreement that addresses the Court's concerns. Should the parties reach a revised agreement, the Court will promptly consider it once it has been filed with the Court.

IT IS SO ORDERED.

Date: September 26, 2011

/s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT