# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| MARY CASEY, on behalf of herself and all others similarly situated, ) ) ) | |
| Plaintiff, ) | Case No. 08-00201-CV-W-DGK |
| v. ) ) | |
| COVENTRY HEALTHCARE OF KANSAS, INC., ) ) ) | |
| Defendant. ) | |

## JUDGMENT AND ORDER GRANTING FINAL APPROVAL OF AMENDED CLASS ACTION SETTLEMENT

Before the Court is Plaintiff and Defendant's joint "Motion for and Memorandum in Support of Motion for Final Approval of Amended Class Action Settlement" (Doc. 150). In this motion, the parties seek the Court's final approval of their "Amended Stipulation of Settlement" (Doc. 147-1). Also before the Court is Plaintiff's unopposed "Application for Attorney Fees" (Doc. 149). Having carefully considered the parties' arguments, including comments made during the March 13, 2012 Fairness Hearing, the motions are GRANTED.

### Background

This case was originally filed on March 18, 2008, when Mary Casey filed a Complaint against Coventry claiming that Coventry violated Missouri Code of State Regulation 20 C.S.R. 4007.100 by imposing both copayment and coinsurance charges on certain Missouri HMO members for the same health care service. After negotiations between the parties, an initial settlement agreement was entered into in April 2011. Although the Court granted preliminary approval of that initial settlement agreement, the Court ultimately issued an order denying final

approval of the settlement finding that it was not fair, adequate, and reasonable to the class (Docs. 129, 142). In that order, the Court noted:

> The Court is concerned that providing reimbursement to only 6% of class members is inadequate, particularly where other methods exist for ensuring that a larger portion of the settlement proceeds are actually paid to class members. While the Court understands Coventry's interest in limiting its liability, a settlement whereby 94% of class members receive no monetary compensation while three-fourths of the fund set aside for class members reverts back to Defendants is not fair, adequate, and reasonable.

In response to the Court's denial of final approval of the initial settlement, the parties resumed settlement negotiations, and, on November 21, 2011, filed a joint motion for preliminary approval of an amended settlement agreement (Doc. 147). On December 6, 2011, the Court issued an Order which: (1) preliminarily approved the amended settlement agreement; (2) certified a settlement class; (3) approved the proposed notice plan; and (4) appointed plaintiff's counsel as Class Counsel. Doc. 148. The parties now seek final approval of the amended class action settlement and an award of attorneys' fees in the amount of $470,894.07.

**Standard**

Rule 23(e) mandates judicial review of any "settlement, voluntary dismissal, or compromise" of the "claims, issues, or defenses of a certified class." Fed. R. Civ. P. 23(e). The court is responsible for determining that the settlement terms are fair, adequate, and reasonable and must act as a fiduciary, "serving as a guardian of the rights of absent class members." In re *Wireless Telephone Federal Cost Recovery Fees Litig.*, 396 F.3d 922, 932 (8th Cir. 2005). In determining whether a settlement is fair, adequate, and reasonable, a district court is required to consider four factors: (1) the merits of the plaintiff's case, weighed against the terms of the settlement; (2) the defendant's financial condition; (3) the complexity and expense of further litigation; and (4) the amount of opposition to the settlement. *Id*. "The most important

consideration in deciding whether a settlement is fair, reasonable, and adequate is 'the strength of the case for plaintiffs on the merits, balanced against the amount offered in settlement.'" *Id*. at 933 (quoting *Petrovic v. Amoco Oil Co.*, 200 F.3d 1140, 1150 (8th Cir. 1999)). Ultimately, the court must examine whether the interests of the class are better served by settlement than by further litigation. *In re Wireless*, 396 F.3d at 932.

## Discussion

The amended settlement agreement addresses the Court's two primary concerns, that under the original settlement agreement only 6% of the class recovers and that approximately three fourths of the settlement fund reverts back to Defendant. First, the amended settlement agreement provides recovery to 87% of class members as opposed to 6% under the initial settlement agreement. In addition, the amended settlement provides no reversion to the Defendant. Rather, the entire $1,470,894.07 will be paid to the class and Class Counsel. Finally, the amended settlement, like the original settlement, includes the provision that within sixty days from entry of this judgment, Coventry "agrees to amend its Missouri HMO plans to eliminate any requirement that plan members are to be charged, obligated to pay or made to incur both a co-payment and coinsurance payment for the same healthcare service" (Doc. 147-1). Thus, under the circumstances, the Court finds the amended settlement agreement is fair, reasonable, adequate and in the best interests of the class. Accordingly, the parties' joint motion for final approval of amended class action settlement (Doc. 150) and Plaintiff's motion for attorney fees (Doc. 149) are granted.

**IT IS SO ORDERED.**

Date: March 13, 2012

                                            /s/ Greg Kays
                                            GREG KAYS, JUDGE
                                            UNITED STATES DISTRICT COURT